IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MELTON<br>111 E. Mermaid Lane<br>Philadelphia, PA 19118 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.:_____ |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| PHILADELPHIA GAS WORKS<br>800 Montgomery Avenue<br>Philadelphia, PA 19122 | : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Mr. Kevin Melton (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Philadelphia Gas Works (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 et. seq), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.); the Philadelphia Fair Practices Ordinance ("PFPO" - Phila. Code 9-1100 et seq.); and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951, et seq).[1]

2. Plaintiff alleges, *inter alia*, that Defendant refused to reasonably accommodate him and terminated him in retaliation for requesting and utilizing protected medical leave and reasonable accommodations.

---

[1] Plaintiff intends to amend his instant Complaint to include claims arising under the PHRA/PFPO on or about July 10, 2026, once his administrative remedies as to those claims are fully exhausted with the PHRC/PCHR. Plaintiff's claims arising under the PHRA/PFPO mirror the instant ADA claims.

3. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

5. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed his Charge with the Pennsylvania Human Relations Commission ("PHRC").

8. On or about January 27, 2026, the EEOC issued a Notice of Right to Sue and Plaintiff has properly exhausted his administrative remedies before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue Letter.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult individual, with an address as set forth in the caption.

11. Philadelphia Gas Works is a municipally owned gas utility company operating in Pennsylvania with a principal place of business at the above-captioned address.

12. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. On or about January 16, 2015, Defendant hired Plaintiff as a Helper in the Field Services team. Plaintiff progressed to the role of Service Person A and was employed in total for over ten (10) years until Defendant unlawfully terminated him, on or about March 3, 2025, as discussed herein.

15. During his employment, Plaintiff was supervised by various members of Defendant's management including, but not limited to, Jesus Rosado ("Rosado" – Supervisor of Field Services), Mark Johnson ("Johnson" – Area Supervisor), and Raymond Wolf ("Wolf" – Department Manager).

16. Plaintiff suffers from various chronic physical and mental health conditions which (at times) substantially limit his ability to perform daily life activities. These aforementioned disabilities include, but are not limited to, severe back and neck problems, nerve conditions, and chronic migraines.

17. As a result of these aforementioned disabilities, Plaintiff notified Defendant of his limitations and requested reasonable accommodations in the form of light duty assignments (as needed) and intermittent medical leave (which he utilized in the last 1-2 years of his employment) also protected under the FMLA.

18. Upon information and belief, Defendant has demonstrated a pattern of hostility toward employees who utilize FMLA leave. Frequently, when Plaintiff would utilize FMLA leave, he was met with rude and condescending treatment from his supervisors immediately upon his return.

19. Given this background, and upon information and belief, Defendant frequently seized upon any opportunity to discipline and/or terminate employees such as Plaintiff who utilize FMLA.

20. Specifically, as it relates to Plaintiff, on or about February 5-6, 2025, Plaintiff utilized his approved intermittent FMLA leave during a flare-up of his aforementioned disabilities and while taking newly prescribed medication.

21. Plaintiff believed at the time that he had used and been approved for both days under his intermittent FMLA entitlement.

22. On February 6, 2025, Plaintiff also called Defendant's payroll clerk Brian Keal ("Keal") to report that he was leaving the house pursuant to Defendant's "sick check" policy. Keal

acknowledged Plaintiff was absent and said to notify him the next workday to be put back into the system (which he did).

23. On or about February 14, 2025 (after he had realized he had not been paid for February 6, 2025), Plaintiff went to Keal to ask about his pay. Keal told Plaintiff that it looked like his FMLA was approved for February 5, 2025, but that February 6, 2025 was still pending.

24. Plaintiff immediately went to his Union Representative Joe Cipparone ("Cipparone") and explained that he had used FMLA on both February 5th and 6th, and that he had been absent for his aforementioned serious medical conditions and disabilities.

25. Cipparone informed Plaintiff that Wolf already knew about it and was waiting to see if Plaintiff's FMLA would be approved for February 6, 2025.

26. At no time did Wolf, or any other member of Defendant's management/HR contact Plaintiff about his absences, request any kind of documentation (including a doctor's note), or had any contact with Plaintiff about his use of FMLA on February 6, 2025.

27. On or about February 19, 2025, having heard nothing from Wolf (or Defendant's other managers), Plaintiff called Defendant's FMLA administrator to inquire about the status of his FMLA. Plaintiff's case manager indicated that his FMLA had been denied because PGW would not backdate his request.

28. On or about February 25, 2025, Plaintiff was then summoned to a meeting with Wolf and Union Representative Michael Hudson.

29. During this meeting, Wolf questioned Plaintiff about his February 6, 2025 absence and told him that it was being considered an "Uncertified Absence." Plaintiff reiterated that he thought he had correctly utilized FMLA for both February 5th and 6th.

30. Wolf then told Plaintiff that because he had not produced a doctor's note (despite no prior request for one being made), Defendant was going to immediately move to terminate his employment (without giving him any opportunity to produce a doctor's note).

31. On or about February 28, 2025, Defendant then terminated Plaintiff's employment alleging that he had only properly utilized FMLA on February 5, 2025, and therefore his absence on February 6, 2025 (despite being connected to his known serious medical conditions and disabilities) was not "Certified" or otherwise protected.

32. Defendant alleged that Plaintiff had "exhausted all paid leave" in his "sick bank" and that he "failed or refused to submit a doctor's note to the Company upon [his] return to work on February 7, 2025."

33. Defendant concluded Plaintiff's termination letter by stating:

> The Company has determined that your absence on February 6, 2025, in conjunction with your subsequent failure or refusal to timely provide documentation upon your return to work to substantiate your February 6, 2025, absence, is in violation of the Absence Policy and shall result in the termination of your employment effective at the close of business March 3, 2025.

34. However, this purported justification for terminating Plaintiff's employment is pretextual and inconsistent with Defendant's own policies.

35. For example, upon Plaintiff's return to work on February 7, 2025, at no time did any supervisor or manager ask Plaintiff any questions about his absences, his health, his FMLA or request that he submit a doctor's note.

36. Instead of accommodating a ten (10) year employee with no history of attendance issues, or retroactively designating Plaintiff's February 6, 2025, absence as FMLA, Defendant instead chose to terminate him as soon as they had any reason (however illegitimate) to do so.

37. Further demonstrating pretext, similarly situated employees who were not disabled and/or did not utilize FMLA were not terminated for comparable absences or call-out errors. In contrast, Plaintiff was terminated despite having available FMLA leave and accrued paid time off.

38. Even more concerning was Defendant's rationale that Plaintiff somehow refused to provide a doctor's note for his absence on February 6, 2025. Plaintiff was not even aware that his absence was a concern or problem (let alone a separate medical note expectation) until the February 25, 2025, meeting with Wolf just three (3) days before he was terminated. Had Wolf or Defendant afforded Plaintiff any reasonable opportunity, he could have easily obtained and produced a doctor's note.

39. Finally, Defendant's absence policy relating to an "Uncertified Absence" provides as follows:

5. <u>Uncertified Absence</u>
   An uncertified absence is:

   a. An absence for which required certification is not provided or the certification is medically rejected by PGW.

   b. Any other absence for which no reasonable, verifiable and acceptable documentation is provided.

6. <u>Discipline for Uncertified Absence</u>
   a. Employees shall provide adequate medical certification or non-medical documentation for each and every occurrence of absence. Any employee who fails to provide a bona fide doctor's certification or sufficient documentation for any absence shall, in addition to forfeiting his or her absence pay allowance for that particular absence, be disciplined in accordance with the following schedule of penalties:

| | |
|---|---|
| One uncertified day of absence | No penalty |
| 2nd uncertified day of absence | Counseling |
| 3rd uncertified day of absence | Written Warning |
| 4th uncertified day of absence | One Day Suspension Without Pay |
| 5th uncertified day of absence | Five Day Suspension Without Pay |
| 6th uncertified day of absence | Ten (10) Day Suspension Without Pay and Final Warning |
| 7th uncertified day of absence | Termination |

7

40. Defendant refused to credit Plaintiff's FMLA day on February 6, 2025, and treated his sole "uncertified" absence the same as a "7th uncertified day of absence" resulting in immediate termination.

41. Regardless of Defendant's representation that it was refusing to retroactively designate Plaintiff's absence as FMLA for an alleged call-out error, it is well established that absences are separately protected medical accommodations under anti-discrimination laws (such as the PHRA and ADA). *See e.g. Smith v. N. Shore-Long Island Jewish Health Sys.*, 286 F. Supp. 3d 501, 525 (E.D.N.Y. 2018)("[T]he Court finds [plaintiff] to be qualified within the meaning of the ADA with the reasonable accommodation of intermittent leave."); *Hall v. Wash. Metro. Area Transit Auth.,* 2020 U.S. Dist. LEXIS 183477, *36 (D.D.C. 2020)(counting disability-related absences against plaintiff can constitute denial of a reasonable accommodation); *Westbrooks v. Baltimore Cty.*, 2019 U.S. Dist. LEXIS 140647, *34 (D. Md. 2019)(reasonable jury could conclude employer failed to consider reasonable accommodation of absenteeism for employee).

## COUNT I
### Violations of the ADA
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff suffers from qualifying health conditions under the ADA, which affected his ability (at times) to perform some daily life activities (as set forth *supra*).

44. Despite Plaintiff's aforementioned health conditions and limitations, he was still qualified to perform the essential functions of his position with or without reasonable accommodation.

45. Plaintiff disclosed his aforementioned disabilities/serious medical conditions and need for accommodations to Defendant's management prior to his pretextual termination.

46. Plaintiff therefore avers that his actual/perceived disabilities or record of impairment were a motivating and/or determinative factor in the termination of his employment with Defendant.

47. Plaintiff also avers that he was terminated in retaliation for engaging in protected activity (requesting or utilizing accommodations) under the ADA.

48. Finally, Plaintiff avers that he was terminated as a direct result of Defendant's refusal to engage in the interactive process and/or accommodate him.

49. Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT II
### Violations of Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was a full-time employee who worked for Defendant for more than 1 year within a location that employed at least 50 employees within 75 miles.

52. Plaintiff exercised his FMLA rights in or about February 2025 and had remaining FMLA entitlement available. Defendant continued to question Plaintiff's use and continued attempted use of his FMLA entitlement.

53. Defendant terminated Plaintiff in close temporal proximity to his protected FMLA leave.

54. The motivating and/or determinative factor in deciding to terminate Plaintiff's employment was (a) his use of FMLA; (b) to prevent him from utilizing future FMLA leave; and/or (c) to dissuade him or others from utilizing FMLA.

55. Defendant interfered with Plaintiff's FMLA rights by refusing to properly designate qualifying leave as FMLA, failing to provide proper notice of any documentation deficiency, and terminating Plaintiff based upon an absence that qualified for FMLA protection.

56. Defendant committed interference and retaliation violations of the FMLA by inter alia: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights; (2) terminating Plaintiff to dissuade Plaintiff or others from utilizing FMLA leave; (3) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (4) terminating Plaintiff to prevent him from taking FMLA-qualifying leave in the future; (5) refusing to designate his leave as FMLA; and (6) taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first

suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

  B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

      By:   _____
                Ari R. Karpf, Esq. (91538)
                8 Interplex Drive, Suite 210
                Feasterville-Trevose, PA 19053
                (215) 639-0801
                akarpf@karpf-law.com
                *Attorneys for Plaintiff*

Dated: February 27, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kevin Melton | : | CIVIL ACTION |
| v. | : | |
| Philadelphia Gas Works | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 2/27/2026 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MELTON, KEVIN

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
PHILADELPHIA GAS WORKS

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/27/2026
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___